# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv246-3-RJC
# (3:05cr379-2-RJC)

| | |
|---|---|
| THEODORE HOWZE, III, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed June 25, 2007. For the reasons stated below, Petitioner's Motion to Vacate will be dismissed.

I.   PROCEDURAL HISTORY

On August 31, 2006, Petitioner was convicted upon his guilty plea to charges of knowingly and intentionally possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and aiding and abetting in violation of 18 U.S.C. § 2. (Case No. 3:05cr379, Doc. No. 22: Plea Agreement; Doc. No. 42: Judgment). The Court sentenced Petitioner to 150 months' imprisonment followed by six years of supervised release. (Case No. 3:05cr379, Doc. No. 42: Judgment). The Court filed its Judgment of Conviction on September 6, 2006. Petitioner did not file a direct appeal from that Judgment.

Rather, on June 25, 2007, Petitioner filed the instant Motion to Vacate. In this motion, Petitioner alleges that: (1) 21 U.S.C. § 841 is unconstitutional[1]; (2) that his prior North Carolina state offenses do not qualify as controlled substance offenses under § 4B1.1 of the United States Sentencing Guidelines; and (3) that his counsel was ineffective for not raising the aforementioned arguments at his trial and failing to file a direct appeal despite Peitioner's specific request that he do so.

The Court ordered the Government to respond to Petitioner's claim that his attorney was ineffective for failing to file an appeal as directed. (Doc. No. 2). After the Government responded (Doc. No. 3), the Court appointed counsel for Petitioner and held an evidentiary hearing on December 7, 2007, for the limited purpose of resolving the divergent factual contentions of the parties on that issue. The Court heard testimony from Petitioner and his former counsel. The Court found former counsel more credible than Petitioner, determined that Petitioner had not in fact directed counsel to file an appeal, and, therefore, dismissed his Peak claim. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) (holding that counsel's failure to file a direct appeal constitutes ineffective assistance when contrary to the defendant's instruction to do so). The Court is now prepared to rule on Petitioner's remaining claims.

II.    LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits, and the

---

[1] In his motion, Petitioner argues that both 21 U.S.C. §§ 841 and 846 are unconstitutional. (Doc. No. 1: Motion at 5). Because, however, Petitioner's conviction is for § 841 only, and not § 846 (Case No. 3:05cr379, Doc. No. 42: Judgment), the Court construes his motion as a constitutional challenge to 21 U.S.C. § 841 only.

2

record of prior proceedings " in order to determine whether petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Id. After such examination, it plainly appears to the Court that Petitioner is not entitled to any relief on his remaining claims.

    A.    Constitutionality of 21 U.S.C. § 841

Petitioner first contends that the 21 U.S.C. § 841, the Comprehensive Drug Abuse Prevention and Control Act of 1970 (the "Drug Act"), is unconstitutional on its face because it was enacted as part of the Commerce Clause powers yet it does not require the government to allege or prove an effect on interstate commerce. (Doc. No. 1: Motion at 5-6.) Pursuant to the post-conviction waiver in his plea agreement, Petitioner waived his right to challenge his sentence or conviction except for very limited claims, including ineffective assistance of counsel, prosecutorial misconduct, and sentencing inconsistent with explicit stipulations in his plea agreement. (Case No. 3:05cr379, Doc. No. 22: Plea Agreement at ¶ 20.) At his Rule 11 hearing, Petitioner swore under oath that he understood these waivers. (Case No. 3:05cr379, Doc. No. 37: Acceptance and Entry of Guilty Plea at 4-5). The magistrate judge and this Court found his plea to be knowing and voluntary. (Case No. 3:05cr379, Doc. No. 58: Sent. Hearing Tr. at 3; Doc. No. 37: Entry and Acceptance of Guilty Plea at 5).

The Fourth Circuit upholds knowing and voluntary waivers of the right to collaterally attack convictions or sentences through § 2255 motions. United States v. Lemaster, 403 F.3d 216, 220-21 (4th Cir. 2005). Petitioner's claim challenging the constitutionality of the Drug Act does not fall within one of the exceptions listed in his post-conviction waiver provision, and he has not alleged any defect in his waiver. Consequently, the Court finds that the post-conviction waiver provision is valid and fully enforceable, and it stands as an absolute bar to Petitioner's attempts to challenge his conviction and sentence on this basis.

Even if Petitioner had not waived his rights to raise this claim in a § 2255 proceeding, he has procedurally defaulted this claim. Claims that could have been raised on appeal, but were not, are procedurally defaulted. Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.") (internal citations and quotations omitted). Here, Petitioner failed to file a direct appeal. He does not allege any basis for finding that cause and prejudice exist to excuse his procedural default, nor does he allege that he is actually innocent. See id. at 621-23 (discussing exceptions to procedural default). Accordingly, Petitioner's failure to raise this claim on direct review bars him from doing so now. Id. at 622.

Furthermore, the Court notes that the Fourth Circuit has specifically rejected Commerce Clause challenges to 21 U.S.C. § 841. United States v. Leshuk, 65 F.3d 1105, 1112 (4th Cir. 1995); United States v. Atkinson, 513 F.2d 38, 39-40 (4th Cir. 1975). Therefore, even if Petitioner's claim was not otherwise barred by his plea agreement and failure to file a direct appeal, it would still fail on the merits because the Fourth Circuit has specifically rejected identical claims.

B.  Prior State Convictions

Petitioner next challenges his sentence on the ground that his prior state convictions do not qualify him as a Career Offender under § 4B1.1 of the United States Sentencing Guidelines (the "U.S.S.G." or "Guidelines"). Although Petitioner's plea agreement waiver reserved his right to contest sentencing inconsistent with its explicit stipulations (Case No. 3:05cr379, Doc. No. 22: Plea Agreement at ¶ 20), the agreement expressly stipulates that "if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence." (Id. at ¶ 7(h)). The United State Probation Office made such a determination in this case. (Case No. 3:05cr379, Presentence Report, Part B ¶ 40). Just as the Court finds with respect to Petitioner's constitutional challenge to 21 U.S.C. § 841, Petitioner's plea

agreement waiver bars his attempt to challenge his sentence on the basis that his underlying convictions do not qualify as controlled substance offenses under U.S.S.G. § 4B1.1. Therefore, it plainly appears that he is not entitled to relief on this claim.

Even if Petitioner had not waived his right to raise this claim in a § 2255 proceeding, his failure to file a direct appeal—again, just as the Court finds with respect to Petitioner's constitutional challenge to the Drug Act—makes it procedurally defaulted. Bousley, 523 U.S. at 622. He likewise fails to allege any basis for finding that cause and prejudice exist to excuse his procedural default, nor does he allege that he is actually innocent. See id. at 621-23 (discussing exceptions to procedural default). Accordingly, Petitioner's claim that his prior state convictions do not qualify as controlled substance offenses is also barred by his failure to file a direct appeal. Id. at 622.

Furthermore, the Court notes that Petitioner's claim would still fail on the merits because a review of his Presentence Report reveals that Petitioner's prior state convictions qualify him as a Career Offender under U.S.S.G. § 4B1.1. Section 4B1.1(a) states that a defendant with at least two prior felony convictions of either a crime of violence or a controlled substance offense may be sentenced as a career offender if: (1) he was at least eighteen at the time of the instant offense; and (2) the instant offense is a crime of violence or a controlled substance offense. A controlled substance offense is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute or dispense." U.S.S.G. § 4B1.2(b). Petitioner was eighteen years old at the time he committed the instant controlled substance offense, and has three prior state felony convictions for violations of

5

N.C. Gen. Stat. § 90-95, which criminalizes the sale, manufacture, delivery, and simple possession of narcotics. (Case No. 3:05cr379, Presentence Report, Part B ¶¶ 33, 35 and 36).

Petitioner contends that a prior conviction for simple possession of narcotics under N.C. Gen. Stat. § 90-95 does not require the state to prove an intent to distribute, and, therefore, does not meet the definition of a "controlled substance offense" applicable to U.S.S.G. § 4B1.1. Petitioner, however, has not shown that his convictions under § 90-95 are for simple possession of narcotics. In his Presentence Report, to which Petitioner did not object, the United States Probation Office detailed that each of Petitioner's three prior convictions under § 90-95 were for possession with intent to distribute, not simple possession. (Case No. 3:05cr379, Presentence Report at ¶¶ 33, 35 and 36). Clearly, a prior conviction under § 90-95 for possession with intent to distribute is a "controlled substance offense" as defined in U.S.S.G. § 4B1.2 and qualifies as a predicate conviction for Career Offender under § 4B1.1. Thus, even if not waived or procedurally defaulted, Petitioner's claim also fails on the merits.

  C. Ineffective Assistance of Counsel

Petitioner finally argues that his counsel was ineffective for failing to raise the two preceding claims he now raises in the instant motion. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir.1992) (applying Strickland). If challenging a guilty plea, a petitioner must show not only that

his counsel's performance was deficient, but also that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Petitioner claims that his counsel was ineffective for failing to argue that the Drug Act is unconstitutional and that his prior convictions under N.C. Gen. Stat. § 90-95 are not "controlled substance offenses" applicable to U.S.S.G. § 4B1.1. As was discussed above, the Fourth Circuit has specifically rejected a Commerce Clause challenge to the Drug Act. Leshuk, 65 F.3d at 1112. Moreover, as was also discussed above, Petitioner's prior convictions under N.C. Gen. Stat. § 90-95 are for the specific offense conduct of possession with intent to distribute, making them "controlled substance offenses" as defined in U.S.S.G. § 4B1.2 and applicable to § 4B1.1. Counsel cannot be found ineffective for failing to raise an argument that is contrary to established law. See United States v. Anthony, 149 F. App'x 135, 136 (4th Cir. 2005) (unpublished per curiam opinion) (rejecting a claim of ineffective assistance based on counsel's failure to assert a meritless objection). Petitioner cannot, therefore, establish either prong of the Strickland test, and his final claim of ineffective assistance of counsel must fail.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DISMISSED**.

Signed: September 21, 2009

Robert J. Conrad, Jr.
Chief United States District Judge